IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GEORGE MENDOZA,**

   Plaintiff,

   vs.                No. CIV 02-30 LCS/KBM

**NEW MEXICO COMMISSION
FOR THE BLIND and
YOLANDA THOMPSON,**

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss filed January 31, 2002 (*Doc. 9*). The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion should be **GRANTED**.

## I. BACKGROUND

For the purpose of deciding this Motion to Dismiss, the Court assumes the truth of the following facts as pled in the Complaint. Mr. Mendoza is legally blind. *See* Compl. ¶ 5. Due to his blindness, Mr. Mendoza obtained services from the Defendants. *See* Compl. ¶ 5. Defendant Thompson is employed as a "counselor" for the New Mexico Commission for the Blind. *See* Compl. ¶ 3. Mr. Mendoza asserts that he "entered into a contract with the New Mexico Commission for the Blind to obtain assistance and services. . . ." and to receive job counseling from Defendant Thompson. *See* Compl. ¶¶ 8 and 9. Ms. Thompson agreed that any information given to her from Mr. Mendoza would be in confidence. *See* Compl. ¶ 10.

Mr. Mendoza was in the process of his divorce from his wife. *See* Compl. ¶¶ 6 and 7. The Plaintiff received spousal support during the divorce proceeding and requested the court to continue his support because he was unable to maintain employment. *See* Compl. ¶ 13. During the proceedings, Defendant Thompson testified without the Plaintiff's authorization and/or permission. *See* Compl. ¶¶ 7 and 11. Ms. Thompson testified to conversations between the Plaintiff and herself and stated that Mr. Mendoza "would be able and could work despite her prior affirmations to him that be could not work." *See* Compl. ¶¶ 11 and 12. The Court ruled on the merits and found that Mr. Mendoza could support himself and that spousal support was no longer necessary. *See* Compl. ¶ 14.

The Plaintiff asserts that he can no longer adequately support himself as a result of the divorce proceeding and Ms. Thompson's testimony. *See* Compl. ¶ 16. He also argues that the "Defendants breached the contract between themselves and the Plaintiff when Ms. Thompson testified about conversations between herself and Plaintiff." *See* Compl. ¶ 17. Mr. Mendoza also states that "Yolanda Thompson violated USC §1983." *See* Compl. ¶ 18.

On January 31, 2002, the Defendants filed this Motion to Dismiss, arguing that the New Mexico Tort Claims Act does not provide the Plaintiff with a cause of action for a breach of fiduciary duty; that the Plaintiff fails to state a claim for breach of contract; that the Plaintiff does not allege a violation pursuant to §1983; and that Defendant Thompson is entitled to qualified immunity.

## II. STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A case should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U. S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must

accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir. 1998).

### III. ANALYSIS

Generally, motions to dismiss for failure to state a claim are viewed with disfavor and are therefore rarely granted. *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1990). In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and take the allegations asserted in the complaint as true. *See Sutton*, 173 F. 3d at 1236. A court should not grant a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, the issue is not whether the Plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. *See Sutton*, 173 F. 3d at 1236. After considering the Defendants' Motion to Dismiss, I conclude there are no set of facts alleged that would support a claim which would entitle the Plaintiff to relief.

First, the only federal claim alleged is a 42 U.S.C. §1983 claim against Defendant Thompson. Section 1983 does not create any substantive rights. Rather, this statute is purely remedial, providing a civil cause of action when a plaintiff is deprived of some otherwise defined **federal right**. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979);

*see also Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 977 (10th Cir. 1991). A plaintiff may maintain an action under this statute only after alleging he has been deprived of specific rights created by either the United States Constitution or some federal statute. Therefore, the Plaintiff's claims premised on Section 1983 must be dismissed unless the Plaintiff has alleged he was deprived of some federally protected right. From the contents of the inartfully drawn complaint, it appears the Plaintiff has failed to allege any civil rights violation as a foundation for his Section 1983 claim.

In paragraphs 16 and 17 of the complaint, the Plaintiff alleges that "Defendants breached the contract between themselves and the Plaintiff when Thompson testified about conversations between herself and Plaintiff . . . . [and that] Yolanda Thompson also violated USC §1983." It is difficult to determine whether or not these paragraphs are directed solely at Defendant Thompson or to both of the Defendants. However, assuming this claim is directed at Defendant Thompson only, it seems to specifically allege she breached a contract or her fiduciary duty towards the Plaintiff. Neither of these claims are federally based claims. As stated above, it is well settled that Section 1983 is "a generally and presumptively available remedy for claimed violations of *federal law*." *Livadas v. Bradshaw*, 512 U.S. 107, 133 (1994) (emphasis added). Because the complaint fails to state any federal claim, the Plaintiff's Section 1983 claim must be dismissed.

Second, the Defendant reads from the complaint a breach of fiduciary duty by Defendant Thompson. However, after a close examination, the Court cannot find one. In order to state a claim for a breach of a fiduciary duty, a plaintiff must allege that there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of one reposing the confidence. *See Moody v. Sribling*, 985 P. 2d

4

1210, 1222 (Ct. App. 1999) (citing *Allsup's Convenience Stores, Inc.*, 976 P. 2d 1, 15 (N. M. 1998)). In this case, the Plaintiff fails to sufficiently allege that Defendant Thompson had a duty, created by her undertaking, to act primarily for Plaintiff's benefit in matters connected with such undertaking. *See, e. g., Zumbrun v. University of S. California*, 101 Cal. Rptr. 499, 506 (Ct. App. 1972) (finding the mere placing of trust in another person does not create a fiduciary relationship.). Not only does the Plaintiff fail to allege the aforementioned requirements, the Plaintiff never even uses the word fiduciary within the complaint. Certainly, no federal claim is stated. Therefore, I find the complaint fails to allege sufficient facts upon which relief could be granted on a breach of fiduciary duty claim as the same may be applied by Section 1983.

Because no federal cause of action remains, the Court will decline to exercise supplemental jurisdiction over the remaining claims and remand this action back to the Second Judicial District New Mexico State Court. *See* 28 U.S. C. § 1367(c)(3)(federal district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction).

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss filed January 31, 2002 (*Doc. 9*) is **GRANTED with respect to the Plaintiff's federal cause of action**.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. §1983 claim is **DISMISSED** and that this cause is **REMANDED** to the Second Judicial District Court of New Mexico, County of Bernalillo.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**